**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| **SUNFLOWER BANK, N.A.,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **H.P. CONSTRUCTION LTD.,** ) <br> ) <br> **Defendant.** ) <br> ) | Case No. 11-1324-JWL |

**MEMORANDUM AND ORDER**

On October 18, 2011, Plaintiff Sunflower, Bank, N.A. filed this diversity suit against H.P. Construction Ltd., asserting conversion of construction equipment. Defendant has failed to appear or otherwise defend, and the clerk of the court entered default against it as to liability (doc. 8). Sunflower Bank has now filed a motion seeking a default judgment against Defendant for the cost value of the equipment, $380,418.21, plus interest accrued at the statutory rate (doc. 9).

**1. Service of Process**

As a prerequisite for a default judgment, the court must ensure that process was properly served on Defendant. *Dewey v. City of Topeka Eng'g Dep't*, No. 97-4037, 1997 WL 833300, at *3 (D. Kan. Dec. 18, 1997). Rule 4(f) of the Federal Rules of Civil Procedure governs service upon individuals and corporations not within any judicial district of the United States. This rule permits service upon a foreign corporation "by

any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents [Hague Service Convention]." Fed. R. Civ. P. 4(f)(1). As both the United States and Canada are parties to the Hague Service Convention,[1] it governs service of process in this matter.

There are several methods to effect service of process under the Hague Service Convention. The primary means of effecting service is through a receiving country's "central authority" designated to receive service of documents from other countries. 20 U.S.T. 362, T.I.A.S. 6638, Art. 2. The Convention also permits service of process through other methods, including service by judicial officers provided that the member country does not object. *Id.* at Art. 10. Article 10 of the Hague Service Convention states:

> Provided the State of destination does not object, the present Convention shall not interfere with . . . (b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through judicial officers, officials or other competent persons of the State of destination.

Canada has not objected to service by judicial officers.[2]

---

[1] *See* Hague Conference on Private International Law, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Status Table, *available at* http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (last visited Mar. 28, 2012).

[2] *See* Hague Service Convention, Declarations by Canada, *available at*
(continued...)

Here, Sunflower Bank served Defendant H.P. Construction with the summons and complaint by a process server. The process server signed an affidavit that she served H.P. Construction on January 19, 2012 (doc. 5, at 2). The affidavit was also signed by an individual declaring herself as "designated by law to accept service of process on behalf of H.P. Construction Ltd." (*id.*). Sunflower Bank filed this Proof of Service with the Court on January 27, 2012.

**2. Default Judgment**

Once default is entered, as it has been in this case, a defendant is deemed to have admitted the plaintiff's well-pleaded allegations of fact. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir . 2003). A court may enter a default judgment without a hearing if the "amount claimed is a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985). Plaintiff's conversion claim is capable of mathematical calculation.

In its complaint, plaintiff alleges, and the court accepts as true,[3] that in 2009, Defendant leased construction equipment, including shoring panels, props, and

---

[2](...continued)
http://www.hcch.net/index_en.php?act=status.comment&csid=392&disp=resdn   (last visited Mar. 28, 2012).

[3] The court accepts as true all of the factual allegations of the complaint, except those relating to damages. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (after a Rule 55 default for failure to plead or otherwise defend, the court accepts as true all of the factual allegations of the complaint, except those relating to damages).

extensions that were patented or trademarked as "TABLA" from a third-party lessor, A-1 Scaffold & Shoring, LLC ("A-1S"). After the lease term ended in December 2009, Defendant failed to return the equipment to A-1S. In December 2009, A-1S transferred ownership of the equipment to A-1 Plank and Scaffold Manufacturing, Inc. ("A-1P") in satisfaction of A-1's indebtedness. On February 21, 2010, A-1P filed for relief under Chapter 11 of the Bankruptcy Code. Plaintiff Sunflower Bank acquired the equipment through a sale pursuant to 11 U.S.C. § 363 that was confirmed by the Bankruptcy Court. Although Plaintiff formally demanded return of the equipment, to date, Defendant has failed to comply.

In further support of its motion for default judgment, Plaintiff has submitted an equipment inventory list, showing that between June 30, 2009 and September 30, 2009, A-1S delivered construction equipment to Defendant with a cost value of $234,673.55, and between September 30, 2009 and December 31, 2009, A-1S delivered additional construction equipment with a cost value of $145,744.66. To date, then, Defendant has received, and failed to turn over to Plaintiff, construction equipment with a cost value of $380,418.21.

Based on the foregoing, the court concludes that default judgment against Defendant is appropriate in the amount of $380,418.21, plus interest accruing from and after judgment at the statutory rate, until paid in full.

**IT IS THEREFORE ORDERED BY THE COURT THAT** judgment be entered in favor of Plaintiff against Defendant on Plaintiff's breach of contract claim in the amount of $380,418.21, plus interest accruing from and after judgment at the statutory rate, until paid in full.

**IT IS SO ORDERED** this 4th day of April, 2012.

                                        s/ John W. Lungstrum
                                        John W. Lungstrum
                                        United States District Judge